UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION
_____/

This Order Relates To:

*Castellucci*, No. 3:18-cv-6149-CRB
_____/

MDL No. 2672 CRB  (JSC)

**ORDER GRANTING MOTION TO REMAND**

Volkswagen Beetle driver Carlos Castellucci filed a "clean diesel" related action against Volkswagen Group of America, Inc. ("VWGoA") in Virginia state court. VWGoA removed the case to Virginia federal court based on federal-question jurisdiction, and the case was then transferred to this Court as part of the above-captioned MDL. In a pending motion, Mr. Castellucci argues that jurisdiction is lacking and that the Court should remand his case to Virginia state court. The Court agrees with Mr. Castellucci and GRANTS his motion.

1. The complaint includes six claims, all under state law. VWGoA argues that at least one of those claims, a Florida RICO claim, will necessarily raise a federal issue because the RICO predicate acts include federal wire fraud and conspiracy. (*See* Case No. 3:18-cv-6149, Dkt. No. 1-1, Compl. ¶ 208 (citing 18 U.S.C. §§ 371, 1343).) If those were the only predicate acts, VWGoA could be correct. But the complaint also identifies alternative predicate acts, including violations of Florida's false advertising and computer crime laws. (*See id.* (citing Fla. Stat. §§ 815.06, 817.06).) "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (citation omitted).

The Court will not consider VWGoA's argument that the RICO claim, when based on the state law predicates, is not well pled. (*See* VWGoA's Opp'n, Dkt. No. 9 at 8-9 (arguing that the false advertising and computer crime predicates will fail because only VWGoA is alleged to have participated in those crimes and an entity cannot engage in a RICO enterprise with itself).) Unless a claim is frivolous, jurisdiction or its absence does not turn on "the possibility that the averments might fail to state a cause of action." *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)). VWGoA has not convinced the Court that the RICO claim, when based on the state law predicates, is frivolous.

2. VWGoA argues that whether Mr. Castellucci's car was "street legal" is a different federal issue that will arise. As previously noted in this MDL, the "street legal" issue will not necessarily need to be resolved. (*See* MDL Dkt. No. 5977 at 7 ("Assuming Plaintiffs prevail on the merits of their claims, the damages phase could proceed in a variety of ways. That one of those ways might raise [the 'street legal'] federal issue is not good enough to support jurisdiction under § 1331."), *as amended by* MDL Dkt. No. 5994.) The "street legal" issue does not give rise to federal-question jurisdiction.

\* \* \*

It is a "special and small category" of cases that only raise state-law claims but that support federal-question jurisdiction. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006). Mr. Castellucci's case does not come within that category. The Court therefore GRANTS his motion to remand.[1]

**IT IS SO ORDERED.**

Dated: July 1, 2019

CHARLES R. BREYER
United States District Judge

---

[1] Because remand for lack of subject-matter jurisdiction is appropriate, the Court will not address an alternative argument for remand: that VWGoA assertedly waived any right to removal that it had by extensively litigating this case in state court prior to removal.

2